**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

*In re:*
**NIEVES, FRANCISCO J.**                          Case No. 6:11-bk-01535-ABB
**NIEVES-SOLIS, SHIRLEY**
   **Debtors**   /                                   **Chapter 13**

**XX**   **Chapter 13 Plan**                             _____   **Amended Chapter 13 Plan**

COMES NOW the Debtors by and through their undersigned attorney and file this Chapter 13 Plan, as follows:

The projected disposable income of the debtor is submitted to the supervision and control of the Chapter 13 Trustee, and the debtor shall pay the following sums to the Chapter 13 Standing Trustee.

| Payment Number | Amount | Due Dates |
|---|---|---|
| 1 – 60 | $2,125.00 | First payment date will be set by order of the Court. |
| | | |
| | | |

The Debtor(s) shall mail a **money order** or **cashier's check** or **wage deduction**, to Laurie K. Weatherford, Chapter 13 Standing Trustee, P.O. Box 1103, Memphis, TN 38101-1103, with the Debtor(s)' name and case number **(6-10-bk-01535-ABB)** clearly indicated thereon. Payments will begin on the date set forth in the Order Establishing Deadline for Making Payments, and payments will continue in the above amount for the duration of the Chapter 13 Plan.

**OTHER PROVISIONS REGARDING INCOME TAX REFUNDS**
**INCOME TAX RETURNS, AND/OR INCREASED INCOME:**

The Debtor(s) are required to turn over any and all income tax refunds to the Chapter 13 Standing Trustee for the benefit of the Debtor(s)' general unsecured creditors for the duration of this case. The Debtor(s) shall mail any and all tax refunds to the chapter 13 Standing Trustee's payment address as stated above. The Debtor(s) shall put their name and case number on the face of any refund checks before mailing them to the Trustee.

The Debtor(s) are required to provide the Chapter 13 Standing Trustee with copies of their income tax returns each year and for the duration of this case. The Debtor(s) shall mail a **copy** (do not mail original returns) of their income tax returns each year by April 30th to the Debtor(s)' attorney and to the Chapter 13 Trustee, P.O. Box 3450, Winter Park, FL 32790-3450 *(tax returns only – no payments to this address)*

The debtor(s) are further required to file all tax returns timely and to pay any taxes due for the duration of this case. Proof of payment of all post-petition taxes is required.

**CHAPTER 13 PLAN 1 - 5**

If the Debtor(s)' income increases during the duration of this case, the Debtor(s) must commit the debtor(s) excess income to the Plan for the benefit of the Debtor(s) creditors.

## PAYMENT OF CLAIMS THROUGH PLAN

The Chapter 13 Standing Trustee percentage fee (10%), as established by the U.S. Trustee, and:

### PAYMENTS & DISBURSEMENTS ARE MADE AS LISTED ON EXHIBIT A

**PRIORITY:** The Trustee percentage fee as set by the United States Trustee, and

**ATTORNEY FEES:**

| Attorney Name | Claim Amount | Payment Amt/No. |
|---|---|---|
| Chmari Anderson | $2,600.00 Maintenance Fees ($50 per month after confirmation of plan) | See Exhibit A |

**OTHER PRIORITY CLAIMS:**

| Claim # | Name of Creditor | Claim Amount | Payment Amt/No. |
|---|---|---|---|
| * | IRS | $1,878.33 | See Exhibit A |

**SECURED CLAIMS:** On-going Payments continue beyond the term of the Plan, pursuant to the applicable Note and Mortgage. Payments on the attached spreadsheet include principal, interest, taxes, and insurance.

| Claim # | Creditor Name | Claim Amount | Payment Amt/No. |
|---|---|---|---|
| * | Fairwinds Credit Union (2005 Toyota Camry) | $3,175.00 @5.25% | See Exhibit A |
| * | Sentry Management HOA | $650.00 @5.25% | See Exhibit A |
| * | HSBC (2008 Yamaha Motorcycle see note: #1) | $5,630.00 @5.25% | See Exhibit A |
| * | Wells Fargo Home Mtg (876 Princeton Drive, Clermont) | $198,042.17 | See Exhibit A |

*Note: 1. Debtor uses this motorcycle as his primary vehicle for transportation due to the gas prices.*
*\*Denotes this is a secured creditor that has not yet filed a proof of claim as of the date of this plan.*

**SECURED ARREARAGES:**

| Claim # | Name of Creditor | Claim Amount | Payment Amt/No. |
|---|---|---|---|
| * | Wells Fargo Home Mortgage | $10,000.20 | See Exhibit A |

**CHAPTER 13 PLAN 2 - 5**

**SECURED GAP:**  One additional post-Petition mortgage payment that covers one payment due after the Plan has completed

| Claim # | Name of Creditor | Claim Amount | Payment Amt/No. |
|---|---|---|---|
| * | Wells Fargo Home Mortgage | $1,450.00 | See Exhibit A |

**COLLATERAL TO BE SURRENDERED:**

| Name of Creditor | Property Description |
|---|---|
|  |  |
|  |  |

**VALUATION OF CLAIM:**

| Claim # | Creditor Name | Claim Amt | Value | Amt of Unsecured |
|---|---|---|---|---|
| * | Fairwinds Credit Union<br>2nd Mtg – 1st Mtg i/a/o $198,042.17 | $66,014.61 | $144,500.00 | $66,014.61 |

**SECURED –LEINS LIENS TO BE AVOIDED:**   NONE

**Executory Contracts:**

**The following Executory Contracts are assumed**
**Name of Creditor:**        **Description of Collateral:**                **Month Numbers**:


**The following Executory Contracts are rejected**:
**Name of Creditor:**                        **Description of Collateral:**


**UNSECURED CREDITORS:**    Unsecured creditors whose claims have been timely filed and allowed shall receive a pro-rata distribution after payment of the above-stated claims as proposed above    Approximate Percentage:  1*%*

**OTHER PROVISIONS:**

1.    Property of the Estate revests in the Debtor(s) upon confirmation of the plan, OR upon completion of all plan payments and the discharge of Debtor(s).

2.    Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

3.    Secured Creditors shall retain their liens until their allowed claims are paid in full.  Upon payment of the secured creditor's claim in full, the creditor shall record a satisfaction of lien and provide clear title to the debtor(s).

**CHAPTER 13 PLAN 3 - 5**

4. The effective date of the plan shall be the date the Chapter 13 Plan is confirmed.

5. Any Claims filed after the claims deadline shall not receive distribution under this plan, unless specifically provided for above.

6. All payments paid timely to the Chapter 13 Trustee shall be deemed to be a timely payment to each creditor.

7. The Court shall retain jurisdiction to determine all post-petition costs and attorney's fees associated with the claims filed in this case.

8. In the event that the instant case is converted to a Chapter 7, or if the case is dismissed, then any refunds that are due to the Debtors shall be issued to Debtor(s)' counsel to reduce any outstanding attorney's fees.

9. Confirmation of the plan shall impose a duty Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i), Local Rule 4001-1(e) and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments. The terms and conditions of the respective Administrative Orders are specifically incorporated herein by this reference as if completely set-forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule. As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon confirmation of the Plan:

   (a) Apply the payments received from the trustee designated on the pre-petition arrearages, if any and only to such arrearages, as specifically provided for in this Plan; and

   (b) To apply all post-petition payments received from the Chapter 13 Trustee and designed as Conduit Mortgage Payments only to the month designated for payment by the Chapter 13 Trustee;

   (c) To apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the Court

   (d) Deem the pre-petition arrearages as contractually cured upon confirmation of the plan and discharge of the Debtors, thereby precluding the imposition of late payment charges or other default-related fees and services during the life of the Plan and based solely on the pre-petition default or defaults;

   (e) Refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as legal fees, broker price opinion fees, property inspection fees, property preservation fees, etc.) to the mortgage loan of the Debtors, either post-Petition and pre-Confirmation, either post-confirmation and pre-Discharge, or post-Discharge, unless such fees or charges have been approved by the Bankruptcy Court and upon the filing of a property application for approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy Procedure and after adequate notice and hearing.

   (f) To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are added to the Plan, to apply only payments received from the Chapter 13 Trustee and designated in payment of such fees and charges to such fees and charges.

   (g) To the extent that any post-confirmation fees or charges are allowed pursuant to the said Administrative Order and are NOT added to the Plan, to apply only payments received directly from the Debtor and designated in payment of such fees and charges to such fees and charges

**CHAPTER 13 PLAN 4 - 5**

10. Property surrendered under this Plan shall be in full satisfaction of the claim. Unless otherwise ordered, any creditor holding a claim secured by property and which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operations of the Plan, will receive no further distribution from the Trustee, unless an itemized Proof of Claim for any deficiency is filed with the Court and within one hundred twenty (120) days after removal of property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the Order Confirming the Chapter 13 Plan, modifying the Plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

11. Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes a waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein except as prohibited by 1322(b)(2) regarding the principal residence of the Debtor(s).

/s/FRANCISCO J. NIEVES  /SHIRLEY SOLIS-NIEVES
FRANCISCO J. NIEVES  SHIRLEY SOLIS-NIEVES
Debtor Signature  Joint Debtor Signature

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Chapter 13 Plan has been provided on this 18th day of February, 2011 to the Chapter 13 Trustee via electronic transmission and all creditors listed in the attached matrix by U.S. Mail.

/s/CHMARI L. ANDERSON
The Law Office of Chmari L. Anderson
Chmari L. Anderson
Florida Bar No. 58136
P.O. Box 3604
Orlando, FL 32802
(407)702-5818
Fax: (407)894-4147
Attorneys for Debtor

**CHAPTER 13 PLAN 5 - 5**